**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ALMONDNET, INC., and<br>INTENT IQ, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TIKTOK, INC.<br><br>Defendant. | Case No. 1:25-cv-00611-UNA<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST TIKTOK, INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiffs AlmondNet, Inc. and Intent IQ, LLC (collectively, "AlmondNet" or "Plaintiffs") make the following allegations against Defendant TikTok, Inc. ("Defendant" or "TikTok"):

**INTRODUCTION AND PARTIES**

1. This complaint arises from Defendant's unlawful infringement of the following United States patents owned by Plaintiffs, which generally relate to novel internet / network based advertising systems and methods: United States Patent Nos. 8,200,822, 10,839,423, and 8,677,398 (collectively, the "Asserted Patents"). Plaintiffs own all right, title, and interest in the Asserted Patents to file this case.

2. AlmondNet, Inc. is a corporation organized and existing under the laws of the state of Delaware, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101. Intent IQ, LLC is a Delaware limited liability company, having its place of business

at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101. AlmondNet, Inc. and Intent IQ, LLC, are collectively referred herein as the "Plaintiffs."

3. Founded in 1998, AlmondNet has developed an extensive suite of industry-leading targeted advertising solutions and products, is focused on R&D and the licensing of its extensive portfolio of enabling technology and intellectual property covering numerous areas of the targeting landscape and ecosystem, including profile-based bidding, behavioral targeting, online and offline data monetization, addressable advertising, and multi-platform advertising.

4. Intent IQ is a leading company in the field of cross-device-based ad targeting, retargeting, audience extension, and attribution. IIQ's "Dynamic Device Map" identifies a given user across multiple device types, including laptops, desktops, smartphones, tablets, and televisions, so as to assist advertisers in delivering targeted ads to consumers on all of their screens. Intent IQ can facilitate ad targeting based on profile data aggregated from activity on any of a user's screens, as well as measure the impact of previously delivered ads on the same or different screen.

5. TikTok, Inc. is a corporation organized under the laws of the state of Delaware, with its principal place of business at 5800 Bristol Parkway C3 Culver City, Los Angeles, California 90230. TikTok, Inc. may be served via its Delaware registered agent c/o Harvard Business Services, Inc. 16192 Coastal Highway, Lewes, Delaware 19958.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant in this action because Defendant is incorporated under the laws of the state of Delaware, have committed acts within this District giving rise to this action, and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

8. Venue is proper in this District because Defendant is incorporated under the laws of the State of Delaware.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 8,200,822**

9. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

10. Plaintiffs own all rights, title, and interest in U.S. Patent No. 8,200,822, titled "media properties selection method and system based on expected profit from profile-based ad delivery," issued on June 12, 2012 ("the '822 patent"). A true and correct copy of the '822 patent is attached as Exhibit 1.

11. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports the Accused Instrumentalities (TikTok's computer systems that implement and provide TikTok Ads Manager, including but not limited to components such as Automatic Placement, Select Placement, Event API, TikTok Pixel, Value-Based Optimization, Smart Performance Campaign, Advanced Matching, and Pangle) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '822 patent.

12. The infringement of the ’822 patent is additionally attributable to Defendant because Defendant directs and controls use of the Accused Instrumentalities to perform acts that result in infringement of the ’822 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

13. Defendant’s infringement has been and is willful. Through at least the filing and service of this Complaint, Defendant had knowledge of, or was willfully blind to, the ’822 patent and that the Accused Instrumentalities infringed. Despite Defendant’s knowledge of or willful blindness to the ’822 patent at least as a result of the filing and service of this Complaint, Defendant continued and still continue to infringe the ’822 patent. In doing so, Defendant knew, or should have known, that their conduct amounted to infringement of the ’822 patent. Accordingly, Defendant is liable for willful infringement.

14. The Accused Instrumentalities perform all claim limitations of one or more method claims of the ’822 patent. A claim chart comparing independent method claim 1 of the ’822 patent to a representative Accused Instrumentalities is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

15. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiffs and is liable for infringement of the ’822 patent pursuant to 35 U.S.C. § 271.

16. As a result of Defendant’s infringement of the ’822 patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendant’s infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

17. Plaintiffs are entitled to past damages for Defendant's infringement of the '822 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiffs have only asserted method claims of the '822 patent.

18. Defendant's infringing activities have injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the '822 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 10,839,423

19. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

20. Plaintiffs own all rights, title, and interest in U.S. Patent No. 10,839,423, titled "condition-based method of directing electronic advertisements for display in ad space within streaming video based on website visits," issued on November 17, 2020 ("the '423 patent"). A true and correct copy of the '423 patent is attached as Exhibit 3.

21. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports the Accused Instrumentalities (TikTok's computer systems that implement and provide TikTok Ads Manager, including but not limited to components such as Automatic Placement, Select Placement, Event API, TikTok Pixel, Value-Based Optimization, Smart Performance Campaign, Advanced Matching, and Pangle) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '423 patent.

22. The infringement of the '423 patent is additionally attributable to Defendant because Defendant directs and controls use of the Accused Instrumentalities to perform acts that

result in infringement of the ’423 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

23. Defendant’s infringement has been and is willful. Through at least the filing and service of this Complaint, Defendant has had knowledge of, or was willfully blind to, the ’423 patent and that the Accused Instrumentalities infringed. Despite Defendant’s knowledge of or willful blindness to the ’423 patent at least as a result of the filing and service of this Complaint, Defendant continued and still continue to infringe the ’423 patent. In doing so, Defendant knew, or should have known, that its conduct amounted to infringement of the ’423 patent. Accordingly, Defendant is liable for willful infringement.

24. The Accused Instrumentalities perform all claim limitations of one or more method claims of the ’423 patent. A claim chart comparing independent method claim 1 of the ’423 patent to a representative Accused Instrumentalities is attached as Exhibit 4, which is hereby incorporated by reference in its entirety.

25. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiffs and is liable for infringement of the ’423 patent pursuant to 35 U.S.C. § 271.

26. As a result of Defendant’s infringement of the ’423 patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendant’s infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

27. Plaintiffs are entitled to past damages for Defendant’s infringement of the ’423 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiffs have only asserted method claims of the ’423 patent.

28. Defendant's infringing activities have injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the '423 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,677,398

29. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

30. Plaintiffs own all rights, title, and interest in U.S. Patent No. 8,677,398, titled "systems and methods for taking action with respect to one network-connected device based on activity on another device connected to the same network," issued on March 18, 2014 ("the '398 patent"). A true and correct copy of the '398 patent is attached as Exhibit 5.

31. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports the Accused Instrumentalities (TikTok's computer systems that implement and provide TikTok Ad Manager, including but not limited to components such as Attribution Analytics, Cross-Channel and/or Cross-media measurement, Mobile Measurement Partner Tracking, Traffic campaign objectives, SRN Integration, Lift measurement, Click ID (TTCLID), View data, reach settings, and frequency settings) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '398 patent.

32. The infringement of the '398 patent is additionally attributable to Defendant because Defendant directs and controls use of the Accused Instrumentalities to perform acts that result in infringement of the '398 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

33. The Accused Instrumentalities perform all claim limitations of one or more method claims of the ’398 patent. A claim chart comparing independent method claim 13 of the ’398 patent to a representative Accused Instrumentalities is attached as Exhibit 6, which is hereby incorporated by reference in its entirety.

34. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiffs and is liable for infringement of the ’398 patent pursuant to 35 U.S.C. § 271.

35. As a result of Defendant’s infringement of the ’398 patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendant’s infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

36. Plaintiffs are entitled to past damages for Defendant’s infringement of the ’398 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiffs have only asserted method claims of the ’398 patent.

37. Defendant’s infringing activities have injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the ’398 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter:

a. A judgment in favor of Plaintiffs that Defendant has infringed, either literally and/or under the doctrine of equivalents, each of the Asserted Patents;

b. A judgment in favor of Plaintiffs finding post-suit willful infringement as to the

Asserted Patents;

c. A permanent injunction prohibiting Defendant from further acts of infringement of the Asserted Patents;

d. A judgment and order requiring Defendant to pay Plaintiffs their damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Asserted Patents;

e. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiffs, including without limitation, pre-judgment and post-judgment interest;

f. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees against Defendant; and

g. Any and all other relief as the Court may deem appropriate and just under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Dated: May 16, 2025

Respectfully submitted,

Of Counsel:

Reza Mirzaie
Marc A. Fenster
Brian D. Ledahl
Adam S. Hoffman
James A. Milkey
Philip X. Wang
James Tsuei

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com

Jonathan Ma
Joshua M. Scheufler
Daniel B. Kolko
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991
rmirzaie@raklaw.com
mfenster@raklaw.com
bledahl@raklaw.com
ahoffman@raklaw.com
jmilkey@raklaw.com
pwang@raklaw.com
jtsuei@raklaw.com
jma@raklaw.com
jscheufler@raklaw.com
dkolko@raklaw.com

mfarnan@farnanlaw.com

*Attorneys for Plaintiffs*