**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ALMONDNET, INC., and<br>INTENT IQ, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BYTEDANCE INC., TIKTOK, LLC,<br>TIKTOK, INC., and TIKTOK<br>U.S. DATA SECURITY INC.<br><br>Defendants. | C.A. No. 25-611 (MN)<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiffs AlmondNet, Inc. and Intent IQ, LLC (collectively, "AlmondNet" or "Plaintiffs") make the following allegations against Defendants Bytedance Inc., TikTok, LLC, TikTok, Inc., and TikTok U.S. Data Security Inc. (collectively, "Defendants" or "TikTok"):

**INTRODUCTION AND PARTIES**

1. This complaint arises from Defendants' unlawful infringement of the following United States patents owned by Plaintiffs, which generally relate to novel internet / network based advertising systems and methods: United States Patent Nos. 8,200,822, 10,839,423, and 8,677,398 (collectively, the "Asserted Patents"). Plaintiffs own all right, title, and interest in the Asserted Patents to file this case.

2. AlmondNet, Inc. is a corporation organized and existing under the laws of the state of Delaware, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City,

NY, 11101. Intent IQ, LLC is a Delaware limited liability company, having its place of business at 37-18 Northern Blvd. Suite 404, Long Island City, NY, 11101. AlmondNet, Inc. and Intent IQ, LLC, are collectively referred herein as the "Plaintiffs."

3. Founded in 1998, AlmondNet has developed an extensive suite of industry-leading targeted advertising solutions and products, is focused on R&D and the licensing of its extensive portfolio of enabling technology and intellectual property covering numerous areas of the targeting landscape and ecosystem, including profile-based bidding, behavioral targeting, online and offline data monetization, addressable advertising, and multi-platform advertising.

4. Intent IQ is a leading company in the field of cross-device-based ad targeting, retargeting, audience extension, and attribution. IIQ's "Dynamic Device Map" identifies a given user across multiple device types, including laptops, desktops, smartphones, tablets, and televisions, so as to assist advertisers in delivering targeted ads to consumers on all of their screens. Intent IQ can facilitate ad targeting based on profile data aggregated from activity on any of a user's screens, as well as measure the impact of previously delivered ads on the same or different screen.

5. Bytedance Inc. is a corporation organized under the laws of the state of Delaware. From May 11, 2016, to July 1, 2025, Bytedance Inc.'s corporate address was 630 Fifth Avenue, Suite 2320, New York, New York 10111. On July 1, 2025, Bytedance Inc. changed its corporate address to 1199 Coleman Avenue, San Jose, California 95110. Outside of TikTok, Inc., a number of Bytedance Inc. employees "provide software development, engineering services, and other support related to products and systems" that Bytedance Inc. employee Brian O'Connor contends "are at issue in this case." D.I. 11 at ¶ 13. Bytedance Inc. may be served via its Delaware registered agent Corporation Service Company at 251 Little Falls Drive, Wilmington, Delaware 19808.

6. TikTok LLC is a corporation organized under the laws of the state of Delaware, with its principal place of business at 5800 Bristol Parkway C3 Culver City, Los Angeles, California 90230. TikTok LLC may be served via its Delaware registered agent Corporation Service Company at 251 Little Falls Drive, Wilmington, Delaware 19808.

7. TikTok, Inc. is a corporation organized under the laws of the state of California, with its principal place of business at 5800 Bristol Parkway C3 Culver City, Los Angeles, California 90230. TikTok, Inc. is a wholly owned subsidiary of TikTok LLC. *See* D.I. 12. TikTok, Inc. is qualified as a foreign corporation permitted to do the same business in Delaware it is authorized to do in California. In a public document titled "Myths vs Facts," TikTok represented that "TikTok, Inc., which offers the TikTok app in the United States, is incorporated in California and Delaware." Exhibit 1 at 5 (https://usds.tiktok.com/usds-myths-vs-facts).TikTok, Inc. may be served via its Delaware registered agent Corporation Service Company at 251 Little Falls Drive, Wilmington, Delaware 19808.

8. TikTok U.S. Data Security, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 5800 Bristol Parkway C3 Culver City, Los Angeles, California 90230. On information and belief, TikTok created U.S. Data Security, Inc. to "manag[e] all business functions that require access to U.S. user data identified by the U.S. government as needing additional protection . . . and safeguarding the systems that deliver content on the app in the U.S. to ensure that it is free from foreign manipulation." Exhibit 2 at 3. This initiative is referred to as Project Texas. *See id*. at 1-2. On information and belief, advertising is one of the business functions managed by TikTok U.S. Data Security, Inc. *See* Exhibit 3 at 262-263 (TikTok's CEO, Shou Zi Chew, testifying before Congress on March 23, 2023, regarding Project Texas and TikTok's efforts to store data in the United States, "there are certain aggregated

and anonymized data sets that is useful for interoperability, for advertising, for example," which would need to be generated by the Project Texas initiative); Exhibit 4 at 18-22 (TikTok U.S. Data Security, Inc. evidence in support of Plaintiffs' comparison of independent method claim 13 of the '398 patent to TikTok's infringement). TikTok U.S. Data Security, Inc. may be served via its Delaware registered agent Corporation Service Company at 251 Little Falls Drive, Wilmington, Delaware 19808.

9. On information and belief, the TikTok App is provided by TikTok, Inc. in conjunction with one or more of Bytedance Inc., TikTok LLC, and TikTok U.S. Data Security, Inc.

10. Based on paragraphs 5-9 above, on information and belief that TikTok Inc. considers itself part of Bytedance Inc., and that TikTok, U.S. Data Security, Inc. considers itself part of TikTok Inc., Plaintiffs allege each defendant jointly and/or individually infringes each of the asserted patents as explained below.[1]

## JURISDICTION AND VENUE

11. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has personal jurisdiction over Defendants in this action because Defendants are either incorporated under the laws of the state of Delaware or qualified in Delaware as a foreign corporation, have committed acts within this District giving rise to this action, and have established minimum contacts with this forum such that the exercise of jurisdiction over

[1] With respect to TikTok U.S. Data Security, Inc., Plaintiffs only allege infringement of U.S. Patent No. 8,677,398.

Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

13. Venue is proper in this District because Defendants are either incorporated under the laws of the State of Delaware or qualified in Delaware as a foreign corporation.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,200,822

14. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

15. Plaintiffs own all rights, title, and interest in U.S. Patent No. 8,200,822, titled "media properties selection method and system based on expected profit from profile-based ad delivery," issued on June 12, 2012 ("the '822 patent"). A true and correct copy of the '822 patent is attached as Exhibit 5.

16. On information and belief, Defendants make, use, offer for sale, sell, and/or import the Accused Instrumentalities (TikTok's computer systems that implement and provide TikTok Ads Manager, including but not limited to components such as Automatic Placement, Select Placement, Event API, TikTok Pixel, Value-Based Optimization, Smart Performance Campaign, Advanced Matching, and Pangle) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '822 patent.

17. The infringement of the '822 patent is additionally attributable to Defendants because Defendants direct and control use of the Accused Instrumentalities to perform acts that

result in infringement of the ’822 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

18. Defendants’ infringement has been and is willful. Through at least the filing and service of this Complaint, Defendants had knowledge of, or were willfully blind to, the ’822 patent and that the Accused Instrumentalities infringed. Despite Defendants’ knowledge of or willful blindness to the ’822 patent at least as a result of the filing and service of this Complaint, Defendants continued and still continue to infringe the ’822 patent. In doing so, Defendants knew, or should have known, that their conduct amounted to infringement of the ’822 patent. Accordingly, Defendants are liable for willful infringement.

19. The Accused Instrumentalities perform all claim limitations of one or more method claims of the ’822 patent. A claim chart comparing independent method claim 1 of the ’822 patent to a representative Accused Instrumentalities is attached as Exhibit 6, which is hereby incorporated by reference in its entirety.

20. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants has injured Plaintiffs and are liable for infringement of the ’822 patent pursuant to 35 U.S.C. § 271.

21. As a result of Defendants’ infringement of the ’822 patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendants’ infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

22. Plaintiffs are entitled to past damages for Defendants’ infringement of the ’822 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiffs have only asserted method claims of the ’822 patent.

23. Defendants' infringing activities have injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the '822 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 10,839,423

24. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

25. Plaintiffs own all rights, title, and interest in U.S. Patent No. 10,839,423, titled "condition-based method of directing electronic advertisements for display in ad space within streaming video based on website visits," issued on November 17, 2020 ("the '423 patent"). A true and correct copy of the '423 patent is attached as Exhibit 7.

26. On information and belief, Defendants make, use, offer for sale, sell, and/or import the Accused Instrumentalities (TikTok's computer systems that implement and provide TikTok Ads Manager, including but not limited to components such as Automatic Placement, Select Placement, Event API, TikTok Pixel, Value-Based Optimization, Smart Performance Campaign, Advanced Matching, and Pangle) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '423 patent.

27. The infringement of the '423 patent is additionally attributable to Defendants because Defendants direct and control use of the Accused Instrumentalities to perform acts that result in infringement of the '423 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

28. Defendants' infringement has been and is willful. Through at least the filing and service of this Complaint, Defendants have had knowledge of, or were willfully blind to, the '423 patent and that the Accused Instrumentalities infringed. Despite Defendants' knowledge of or willful blindness to the '423 patent at least as a result of the filing and service of this Complaint, Defendants continued and still continue to infringe the '423 patent. In doing so, Defendants knew, or should have known, that its conduct amounted to infringement of the '423 patent. Accordingly, Defendants are liable for willful infringement.

29. The Accused Instrumentalities perform all claim limitations of one or more method claims of the '423 patent. A claim chart comparing independent method claim 1 of the '423 patent to a representative Accused Instrumentalities is attached as Exhibit 8, which is hereby incorporated by reference in its entirety.

30. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiffs and is liable for infringement of the '423 patent pursuant to 35 U.S.C. § 271.

31. As a result of Defendants' infringement of the '423 patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

32. Plaintiffs are entitled to past damages for Defendants' infringement of the '423 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiffs have only asserted method claims of the '423 patent.

33. Defendants' infringing activities have injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the '423 patent,

and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

**COUNT III**

**INFRINGEMENT OF U.S. PATENT NO. 8,677,398**

34. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as if fully set forth herein.

35. Plaintiffs own all rights, title, and interest in U.S. Patent No. 8,677,398, titled "systems and methods for taking action with respect to one network-connected device based on activity on another device connected to the same network," issued on March 18, 2014 ("the '398 patent"). A true and correct copy of the '398 patent is attached as Exhibit 9.

36. On information and belief, Defendants make, use, offer for sale, sell, and/or import the Accused Instrumentalities (TikTok's computer systems that implement and provide TikTok Ad Manager, including but not limited to components such as Attribution Analytics, Cross-Channel and/or Cross-media measurement, Mobile Measurement Partner Tracking, Traffic campaign objectives, SRN Integration, Lift measurement, Click ID (TTCLID), View data, reach settings, frequency settings, and TikTok U.S. Data Security) that directly infringe, literally and/or under the doctrine of equivalents, one or more method claims of the '398 patent.

37. The infringement of the '398 patent is additionally attributable to Defendants because Defendants direct and control use of the Accused Instrumentalities to perform acts that result in infringement of the '398 patent, conditioning benefits on participation in the infringement and establishing the timing and manner of the infringement.

38. The Accused Instrumentalities perform all claim limitations of one or more method claims of the '398 patent. A claim chart comparing independent method claim 13 of the '398 patent

to a representative Accused Instrumentalities is attached as Exhibit 4, which is hereby incorporated by reference in its entirety.

39. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiffs and are liable for infringement of the ’398 patent pursuant to 35 U.S.C. § 271.

40. As a result of Defendants’ infringement of the ’398 patent, Plaintiffs are entitled to monetary damages in an amount adequate to compensate for Defendants’ infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

41. Plaintiffs are entitled to past damages for Defendants’ infringement of the ’398 patent. 35 U.S.C. § 287 does not apply to this case because Plaintiffs have only asserted method claims of the ’398 patent.

42. Defendants’ infringing activities have injured and will continue to injure Plaintiffs, unless and until this Court enters an injunction prohibiting further infringement of the ’398 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter:

a. A judgment in favor of Plaintiffs that Bytedance Inc., TikTok, LLC, and TikTok, Inc. have infringed the ’822 and ’423 patents, either literally and/or under the doctrine of equivalents, and that Bytedance Inc., TikTok, LLC, TikTok, Inc., and TikTok U.S. Data Security Inc. have infringed the ’398 patent, either literally and/or under the doctrine of equivalents;

b. A judgment in favor of Plaintiffs finding post-suit willful infringement as to the Asserted Patents;

c. A permanent injunction prohibiting Defendants from further acts of infringement of the Asserted Patents;

d. A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the Asserted Patents;

e. A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Plaintiffs, including without limitation, pre-judgment and post-judgment interest;

f. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees against Defendants; and

g. Any and all other relief as the Court may deem appropriate and just under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Dated: July 16, 2025

Of Counsel:

Reza Mirzaie
Marc A. Fenster
Brian D. Ledahl
Adam S. Hoffman
James A. Milkey

Respectfully submitted,

FARNAN LLP

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801

Philip X. Wang
James Tsuei
Jonathan Ma
Joshua M. Scheufler
Daniel B. Kolko
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991
rmirzaie@raklaw.com
mfenster@raklaw.com
bledahl@raklaw.com
ahoffman@raklaw.com
jmilkey@raklaw.com
pwang@raklaw.com
jtsuei@raklaw.com
jma@raklaw.com
jscheufler@raklaw.com
dkolko@raklaw.com

(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiffs*